PASCHAL E. SMITH et al. *v.* A. D. KELLY et al.

Wills — Contest — Verdict of Jury.

Where there can be no doubt that the testator had a disposing mind, when undisturbed and free to act spontaneously, and although there is no direct proof of constraint, or controlling influence by others, yet, when the evidence shows at least an equiponderance of probability that the document was not the voluntary will of a free and self-poised mind, the verdict of the jury and the judgment of the court, pronounced on the testimony in their hearing and view, must preponderate.

APPEAL FROM HENRY CIRCUIT COURT.

October 3, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The apparent inequality in the distribution of the estate among the children and grandchildren of the testator, his long-settled hostility to unequal wills before his disability of body, and his consequent isolation and dependence on the attention of some of his sons — his declared discontent at alleged efforts to mould

his will, his expressed anxiety to rid himself of such annoyances by removing to and buying a new tract of land to be dedicated at his death to one stock of his grandchildren — and his declaration after the last publication that his descendants would be equally provided for — these and other more minute circumstances conduce to give countenance to the verdict and judgment in the Circuit Court against the validity of the testamentary document involved in the issue of this suit. And, although there can be no doubt that the testator had a disposing mind when undisturbed and free to act spontaneously, and although also there is no direct proof of constraint or controlling influence by others, yet, as we think, there is at least an equiponderance of probability that the document was not the voluntary *will* of a free and self-poised mind.

In such a state of case the verdict of the jury and the judgment of the Circuit Court, founded on testimony in their view and hearing, must preponderate. Harrell *v.* Harrell, 1 Duv. 203.

Consequently this court must, as it does, adjudge that the contested document is not the valid last will of Abraham Smith, deceased.

Wherefore, the judgment of the Circuit Court is affirmed, with instructions to that court to certify the judgment to the County Court.